UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ELANA KATZ, as administratrix of the
Estate of Natanel J. Katz,

                    Plaintiffs,

      v.

SAFE HAVEN RECOVERY HOUSE, LLC
*and* PAUL D. CONROY,

                  Defendants.

No. 21-CV-8749 (KMK)

ORDER

---

KENNETH M. KARAS, District Judge:

      Plaintiff Elana Katz ("Plaintiff") brings this Action in her capacity as administratrix of the estate of Natanel J. Katz ("Mr. Katz"), alleging various torts arising out of Mr. Katz's wrongful death while a resident at Safe Haven Recovery House, LLC, a drug treatment facility owned and operated by Paul D. Conroy (together with Safe Haven Recovery House, LLC, "Defendants"). (*See generally* Compl. (Dkt. No. 7).)  On March 8, 2022, Plaintiff filed a letter with the Court, advising the Court that Defendants' counsel had agreed to accept service on Defendants' behalf, but that the entry of default would likely be necessary given Defendants' lack of insurance coverage. (*See* Dkt. No. 11.)  Accordingly, the Court instructed Plaintiff to make an application for default by March 22, 2022. (*See* Dkt. No. 12.)  On March 22, 2022, Plaintiff filed a Proposed Clerk's Certificate of Default, (*see* Dkt. No. 15), (which the Clerk of Court entered later that day, (*see* Dkt. No. 17)), and a short affirmation attesting to the fact that Defendants had not answered or otherwise moved against the Complaint, (*see* Dkt. No. 16), but to date has failed to properly apply for the entry of default judgment against Defendants, (*see generally* Dkt.).

Plaintiff shall apply for the entry of default judgment against Defendants in accordance with the Court's Individual Rules of Practice for Default Judgment Proceedings by no later than April 20, 2022, or risk dismissal of this Action for failure to prosecute. *See, e.g.*, *Rios v. Zion Farm LLC*, No. 19-CV-4363, 2021 WL 2383026, at *1 (S.D.N.Y. June 9, 2021) (dismissing case for failure to prosecute where "[the] [p]laintiff was directed to move for a default judgment . . . or show cause why th[e] action should not be dismissed . . . for failure to prosecute" and "[the] [p]laintiff [took] no action").

SO ORDERED.

Dated:   April 5, 2022
         White Plains, New York

—————————————————————
         KENNETH M. KARAS
         United States District Judge